CATHERINE MUHLMICHL, as Executrix of ADAM MUHLMICHL, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36895.) — This is an appeal from an award of damages as the result of the escape of decedent from a mental institution. The decedent, age 53, was voluntarily admitted on June 22, 1958 to Brooklyn State Hospital as a patient, following a series of mental disorders and several attempts to take his life by suicide. On July 7, 1958, while in the recreational area of the hospital grounds, he escaped. The testimony is undisputed that the decedent was seen on a bus acting normally, that he was later observed getting off at a bus stop and when the bus started, one of the rear wheels passed over his body, causing death. It was further shown that the underside of the bus was approximately two feet from the road; that when the bus stopped, the rear wheels were approximately two feet from the curb. There is no testimony as to how the decedent got under the bus but just prior to its starting, a disinterested witness saw a man under it and perpendicular to it, with his feet near the curb and his head extending out toward the center of the road. The witness attempted to attract the bus driver's attention but the bus had started and before it stopped, the forward motion was sufficient to pass over the body of the decedent. From the testimony, it could be fairly deduced that the decedent crawled under the bus with the intention of being run over. The Attorney-General, in his brief, makes the following concession: "that the decedent had exhibited suicidal tendencies and that his ' elopement' from the Brooklyn State Hospital was made possible because of the inadequate supervision by the hospital, decedent's death under the wheels of a bus was not the proximate result of this negligence." The short distance from the hospital to the place where he boarded the bus, together with the facts

surrounding his death, evince a chain of events within a limited period of time from his escape, approximately 10:00 A.M. to 11:00 A.M., which together with the concession made by the State establish negligence. We find it necessary, however, to make an additional finding that his death was the result of a suicidal act, the State having such notice of such suicidal propensities. Judgment affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.